## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARTHA L. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO.  05-609-JPG |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Plaintiff, Martha L. Johnson, seeks judicial review of a final decision of the Commissioner of Social Security denying her December, 2002, application for disability benefits.  Ms. Johnson's application was rejected following an administrative determination that she was not disabled.  The decision became final when the Appeals Council declined to review a decision reached by an Administrative Law Judge (ALJ).  Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g).

To receive disability benefits, a claimant must be "disabled."  A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A).  The Social Security regulations provide for a five-step sequential inquiry that must

be followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id*.

The ALJ evaluated plaintiff's application through Step 5 of the sequential analysis. He concluded that plaintiff had fibromyalgia, obesity, carpal tunnel syndrome, status post laminectomy syndrome, and facet arthopathy status post surgery. While these conditions interfered with Johnson's ability to perform basic work activities, they did not meet or equal one of the impairments listed in the Social Security regulations. The ALJ also determined that despite her impairments, plaintiff retained the ability to perform the exertional requirements of a limited range of light work. Specifically, she could lift or carry items weighing 10 pounds frequently and 20 pounds occasionally, perform pushing and pulling motions with her arms and legs within those weight restrictions, and occasionally stoop and crouch. However, she required a sit/stand option at her workplace and needed to avoid hazardous machinery and unprotected heights. The ALJ decided that Johnson could not return to her former occupation but is not disabled because she can perform a number of other jobs in the national economy (R. 13-23).

**I.    Standard of Review**

Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id*. However, the Court does not defer to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

## II.    Residual Functional Capacity

Plaintiff challenges the ALJ's residual functional capacity("RFC") assessment on the basis that the ALJ improperly found that she was able to perform a range of "light work" without deciding whether she could stand or walk for six hours during an eight-hour workday, a crucial physical requirement of light work. The defendant has not responded to this argument.[1]

Plaintiff, age 48 at the time of the ALJ's decision, claims her disability began on November 19, 2002, due to symptoms from a back injury, arthritis, fibromyalgia, and pinched nerves. She has a 12th grade education without specialized training. Her last job was as an over-the-road trucker.

Plaintiff challenges the ALJ's RFC assessment, reported in the decision as follows:

---

[1] Pursuant to Local Rule, the defendant is required to specifically respond to plaintiff's arguments. SDIL-LR 9.1(d). While defendant advances reasons to accept the ALJ's credibility assessment, this discussion does not fairly meet plaintiff's argument.

> She can perform a range of light work; lifting/carrying 20 pounds occasionally/10 pounds frequently; with a sit/stand option at her workstation; with activities that involve pushing and pulling 20 pounds occasionally and 10 pounds frequently with both the upper and lower extremities; occasional stooping and crouching, and activities that avoid the hazards of moving machinery and unprotected heights.

(R. 22). Plaintiff argues that the ALJ's perception of "light work" is not compatible with the definition outlined in applicable regulations and policies.

RFC is an assessment of the most a person can do despite limitations caused by medically determinable physical and mental impairments. 20 C.F.R. § 404.1545(a). A person's RFC is a capability sufficient to allow performance of at least substantially all of the activities of work at a particular level. Social Security Ruling 83-10. Exertion at the "light work" level involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing or sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §404.1567. A full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. SSR 83-10.

The ALJ considered evidence regarding plaintiff's condition, without making specific findings regarding her ability to stand or walk during an eight-hour workday. The ALJ gave little weight to medical opinions suggesting that she retained the ability to perform these aspects of light work (R. 18).

Because standing and walking are crucial aspects of light work, the ALJ's RFC assessment cannot be reviewed without findings on these functions. That is, no method of analysis permits the Court to measure or evaluate the evidence supporting an assessment when the nature of the assessment cannot be discerned from the decision. Moreover, without specific findings regarding

plaintiff's ability to stand and walk, the Court cannot find a path of reason leading from the evidence to the ALJ's conclusion that plaintiff retained the ability to perform a substantial number of jobs in the national economy.  *Groves v. Apfel*,148 F.3d 809, 811 (7th Cir. 1998)(ALJs must build a bridge of logic connecting the evidence to the conclusions supporting the decision).[2]

### III. Evaluation of Medical Opinion Evidence.

Plaintiff also challenges the ALJ's assessment of the opinion reported by Dr. French on July 22, 2003.  She argues that the ALJ should have given Dr. French's opinion controlling weight. Defendant responds that the ALJ rationally decided that Dr. French's opinion was not reliable due to lack of support and lack of specificity.

Dr. Miles French treated plaintiff for pain, paresthesia, swelling, and other symptoms of fibromyalgia, insomnia, depression, and post laminectomy syndrome.  Between October, 2002, and November, 2003, he evaluated plaintiff's symptoms, performed clinical exams, prescribed and adjusted medications, ordered x-rays, and prescribed a wrist splint (R. 170-181, 215-216, 218-19).

On March 18, 2003, Dr. Pardo reviewed plaintiff's medical records and formed the opinion that she retained the ability to occasionally lift and carry items weighing up to 50 pounds and frequently lift and carry items weighing up to 25 pounds.  In an eight-hour workday, she could stand and/or walk for a total of about six hours and sit for a total of about six hours.  Her ability to push and pull items was unlimited.  She could frequently climb stairs and occasionally kneel, crouch, and climb ladders and other objects (R. 121-128).

---

[2] The ALJ's discussion shows reliance on vocational testimony in response to hypothetical questions (R. 21).  The expert's testimony is premised on the assumption of the ability to perform light work (R. 264-265).  Because the ALJ gave little weight to evidence suggesting that plaintiff could perform these aspects of light work, a specific finding regarding plaintiff's RFC is needed in order to determine whether the vocational testimony supports the ALJ's conclusion (R. 18, 122).

On June 19, 2003, Dr. Gotway reviewed plaintiff's medical records and endorsed Dr. Pardo's opinion.

On July 22, 2003, Dr. French completed a form stating that plaintiff could lift items weighing less than 10 pounds and stand and/or walk for less than 2 hours in an eight-hour workday. She had a limited ability to sit, push, and pull and occasionally had postural and manipulative limitations (R. 165-168).[3]

The ALJ considered Dr. French's opinion but declined to give it any weight on the basis that the opinion was incomplete, inconsistent, and not supported by medical evidence (R. 17). The ALJ gave little weight to the opinions reached by Drs. Pardo and Gotway (R. 18).

ALJs must give controlling weight to a treating source's opinion on the nature and severity of an impairment if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Review of an ALJ's analysis of medical evidence is deferential. *See Wilder v. Chater*, 64 F.3d 335, 337 (7 th Cir. 1995).

Plaintiff argues that Dr. French's opinion was uncontradicted and well-supported. She points to information she provided during office visits and the results of her September 6, 2002, MRI. The ALJ's discussion shows that Dr. French's opinion was evaluated under the correct legal standard. Moreover, a reasonable person could question whether Dr. French relied on information that confirms or validates his assessment and question the reliability of his opinion due to inconsistencies and conflicts with other aspects of the administrative record. The Court should decline to reverse

---

[3] On September 16, 2003, Dr. French opined that plaintiff had been disabled since January, 2003 (R. 220). Plaintiff does not challenge the ALJ's assessment of this opinion.

the ALJ's decision based on a reasonable assessment of Dr. French's opinion. *See Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995).

### IV.    Conclusion

IT IS RECOMMENDED that the Commissioner's decision denying Martha L. Johnson's December, 2002, application for disability benefits be REVERSED. This case should be remanded for further proceedings and a new decision that includes specific findings regarding residual functional capacity.

SUBMITTED:     **August 16, 2006**     .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**